NOT DESIGNATED FOR PUBLICATION

No. 115,770

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

REGENCY SQUARE NORTH SHOPPING CENTER 14 LLC,
*Appellee*,

v.

KANSAS KURRY LLC,
ROUSHAN KUMAR, and ANJUSHREE KUMAR,
*Appellants*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DANIEL W. VOKINS, judge. Opinion filed May 19, 2017. Reversed.

*David O. Alegria*, of Law Office of David O. Alegria, of Topeka, for appellants.

*Michael J. Wambolt*, of The Sader Law Firm, of Kansas City, Missouri, for appellee.

Before STANDRIDGE, P.J., MCANANY, J., and HEBERT, S.J.

*Per Curiam*: Kansas Kurry LLC and Roushan and Anjushree Kuman (Kansas Kurry) appeal from a judgment entered against them in favor of Regency Square North Shopping Center 14 LLC (Regency Square). Kansas Kurry's primary argument on appeal is that the district court improperly interpreted an amendment to a lease agreement requiring Kansas Kurry to pay Additional Rent in addition to Minimum Rent for additional space added after the commencement of the original lease.

We find that the district court erred in its interpretation of the lease agreement, and we reverse the judgment against Kansas Kurry.

1

*Factual and procedural background*

In late September 2014, Regency Square and Kansas Kurry entered a commercial lease agreement that permitted Kansas Kurry to use as a restaurant 3,026 square feet within the Regency Park Shopping Center at 91st Street and Metcalf Avenue in Overland Park. The business address of the leased property was 7301 West 91st Street. Under the lease, Kansas Kurry was required to pay monthly rent consisting of two components. The first component, called "Minimum Rent," involved a flat, base amount calculated on the amount of square footage of leased space. This base rate was graduated to increase annually over the term of the lease. The second rent component, called "Additional Rent," involved the proportionate share of the shopping center's property taxes, common-area maintenance fees, and utility bills.

On the same date that the lease was entered, Roushan and Anjushree Kumar signed an agreement personally guaranteeing Kansas Kurry's obligations under the lease.

On October 7, 2014, the parties signed a first lease amendment to modify the term of the lease and to implement an agreement regarding Regency Square's obligations to perform some construction on the leased premises.

In June 2015, the parties agreed that the business of Kansas Kurry might be enhanced by using additional unimproved space in the shopping center as a banquet facility. The business address of the unimproved space was 7311 West 91st Street. This is referred to as the "Expansion Premises." The parties entered into a second lease amendment which provided, in pertinent part:

> "4.  PREMISES. The Lease is hereby amended as follows: the Premises, 7301,
> consisting of 3,026 square feet (the 'Current Leased Premises') shall be adjusted to reflect
> the addition of 7311, consisting of approximately 2,000 square feet (the 'Expansion

2

Premises') effective as of the Commencement Date (defined below), for a total of 5,026 square feet. Hereafter, the aforementioned portion of Suite 7301 and Suite 7311 shall be collectively referred to as Suite 7301."

. . . .

"6.  MINIMUM RENT FOR THE EXPANSION SPACE. In addition to all other amounts due and payable by Tenant pursuant to the Lease, Tenant covenants and agrees to pay Minimum Rent for the Expansion Premises during the Lease Term for the Expansion Premises (2,000 square feet) in accordance with the provisions of Section 2.1 and Section 2.10 of the Lease and as set forth below:"

The "Minimum Rent" was specified as $2,958.33 per month. There was no specific reference in the second amendment to any "Additional Rent." The term of the amendment was for 1 year from July 1, 2015, to June 30, 2016. The second amendment further provided in paragraph 10.a: "The Lease as modified herein remains in full force and effect and is hereby ratified by Landlord and Tenant. In the event of any conflict between the Lease and this Amendment, the terms and conditions of this Amendment shall control."

For 3 months, Regency Square billed Kansas Kurry $2,958.33. In mid-September, however, Regency Square issued Kansas Kurry a bill for property taxes and building maintenance covering July, August, September, and October 2015 for the expansion premises. Kansas Kurry refused to pay this amount but continued to pay regular monthly rental payments of $2,958.33 for the space at 7311 West 91st Street as well as paying both Minimum Rent and Additional Rent for the lease property at 7301 West 91st Street.

On November 4, 2015, attorneys for Regency Square mailed a demand letter to David Alegria, the attorney for Kansas Kurry, requesting payment of unpaid taxes and maintenance charges within 30 days. On December 8, 2015, Regency Square's attorneys issued Kansas Kurry a notice of eviction. The eviction notice was addressed to both Kansas Kurry and Alegria.

On December 17, 2015, Regency Square filed a petition seeking to evict Kansas Kurry from the expansion premises, to collect damages for unpaid rent, and to collect attorney fees. Regency Square also sought to collect from the Kumars for any unpaid damages under their personal guaranty. While Kansas Kurry did not file an answer, it lodged a general denial in district court.

Following a nonevidentiary hearing on January 15, 2016, the district court entered judgment in favor of Regency Square and against Kansas Kurry. The court ordered Kansas Kurry to relinquish possession of the expansion premises to Regency Square and to pay damages in the amount of $7,973.33. The court awarded Regency Square $2,750 in attorney fees plus $15 in court costs. The court held that Kansas Kurry could file a supersedeas bond in the amount of the judgment plus nearly $1,000 in monthly rent if Kansas Kurry retained possession of the expansion premises during the appeal.

Kansas Kurry filed a timely motion to alter or amend the judgment, which the district court denied as raising nothing new. Kansas Kurry then filed a timely notice of appeal from the judgment of the court.

*The district court improperly interpreted the second lease amendment.*

The primary substantive issue raised in Kansas Kurry's appeal is whether the district court properly interpreted the lease agreement. The district court construed the lease agreement—the original together with the second amendment—to be clear and unambiguous on its face regarding the obligation of Kansas Kurry to pay Additional Rent for the expansion premises. The court held that any evidence or testimony regarding the parties' negotiations and/or course of conduct in effectuating the agreement was, therefore, irrelevant.

Interpretation of any written instrument, including a contract, is a question of law subject to unlimited appellate review. *Prairie Land Elec. Co-op v. Kansas Elec. Power Co-op*, 299 Kan. 360, 366, 323 P.3d 1270 (2014); *Hall v. Mullen*, 234 Kan. 1031, 1037, 678 P.2d 169 (1984). The fundamental rule of contract interpretation is to ascertain the parties' intent. Generally, this intent is ascertained from the language in the agreement executed by the parties. *Stechschulte v. Jennings*, 297 Kan. 2, 15, 298 P.3d 1083 (2013). Provisions of a contract are not interpreted in isolation but in the context of the entire document. *Waste Connections of Kansas, Inc. v. Ritchie Corp.*, 296 Kan. 943, 963, 298 P.3d 250 (2013). Where the language of the executed document or documents of the agreement is unambiguous, the court does not need to resort to other evidence of the parties' intent. *Hall*, 234 Kan. at 1037.

The original lease concerning the 3,026 square feet at 7301 West 91st Street was a rather typical complex commercial property lease. The lease specified the obligation of Kansas Kurry to pay Regency Square a "Minimum Rent," which was the base compensation for use of the space in the shopping center, as defined in Article 2 of the lease. The lease also required payment of "Additional Rent" based on a proportionate share of the shopping center taxes, operating costs, and utilities, as defined in Article 3 of the lease. Since Regency Square had not attempted to evict Kansas Kurry from the original leased premises at 7301 West 91st Street, the parties have presumably understood and complied with these rental obligations originally undertaken.

The purpose of the second amendment was clearly stated as providing terms for Kansas Kurry to lease an additional 2,000 square feet of unimproved space in the shopping center at 7311 West 91st Street:

"4. PREMISES. The Lease is hereby amended as follows: the Premises, 7301, consisting of 3,026 square feet (the 'Current Leased Premises') shall be adjusted to reflect the addition of 7311, consisting of approximately 2,000 square feet (the 'Expansion

5

Premises') effective as of the Commencement Date (defined below), for a total of 5,026 square feet. Hereafter, the aforementioned portion of Suite 7301 and Suite 7311 shall be collectively referred to as Suite 7301."

The second Amendment specifically provides that Kansas Kurry agrees to pay "Minimum Rent for the Expansion Premises" at a flat rate of $2,958.33 per month. The second amendment is wholly silent as to any obligation or undertaking to pay "Additional Rent" for the expansion premises. Since the terms "Minimum Rent" and "Additional Rent" are capitalized, specifically defined terms under the original lease agreement, the failure to specify the applicability of "Additional Rent" to the expansion premises would be a strong indication on the face of the document that the parties intended no such obligation. This perception is amplified by the language of paragraph 10.a of the second amendment which provides that the terms and conditions of the amendment would control any conflict with the original lease.

The original lease and the second amendment clearly establish two separate payment obligations undertaken by Kansas Kurry—Minimum Rent and Additional Rent for 7301 West 91st Street and Minimum Rent for 7311 West 91st Street.

The notation that the Minimum Rent for the expansion premises is "[i]n addition to all other amounts due and payable by Tenant pursuant to the Lease" does not create any new obligation; it is clearly a reference to the Minimum Rent and Additional Rent already contracted for 7301 West 91st Street under the original lease. This terminology cannot reasonably be interpreted as somehow establishing a new obligation for Additional Rent for the expansion premises. If it had been the intention of the parties to have included the specifically defined term "Additional Rent," such intent could and should have been specifically set forth.

6

In paragraph 4 of the second amendment, the landlord reserves the right to remeasure the current premises and/or the expansion premises and to adjust Minimum Rent. But this reservation, while making general reference to "other amounts due under this Lease" once again wholly fails to include specific reference to "Additional Rent."

A clear indication of the parties' intention to create separate rental obligations for the original premises and for the expansion premises can be gleaned from the fact that Regency Square sued for eviction and damages relating only to the expansion premises under the second amendment and not for breach of the original lease. Such legal severance is a recognition that the terms of the second amendment control in the event of any conflict with the original lease.

In summary, we reach a determination similar to that reached by the district court—that the second amended lease is clear and unambiguous on its face—but from that construction we reach the opposite conclusion. We find that Kansas Kurry has no obligation under the second amended lease for payment of "Additional Rent" in addition to the "Minimum Rent" specifically set forth for the expansion premises. The district court erred in concluding otherwise.

We reverse and set aside the judgment entered in favor of Regency Square for past due rent, damages, costs, and attorney fees and to restore Kansas Kurry to the leased premises.

Since we have determined that the judgment should be reversed on the merits, we need not address Kansas Kurry's other procedural arguments regarding notice, jurisdiction, and due process.

Reversed.